UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BILLY L. BRAUER, *as personal representative of the estate of Margaret A. Mansinne*,     Plaintiff, <br><br> vs. <br><br> STRYKER CORP., and JOHN DOE, M.D.,     Defendants. | ) ) ) ) ) ) ) ) )    2:13-cv-442-JMS-WGH |

## ORDER

On December 30, 2013, Defendant Stryker Corporation ("Stryker") removed Plaintiff's case from state to federal court on the basis of diversity jurisdiction. [Dkt. 1 at 2-3.] Stryker alleges that diversity of citizenship exists because it is a citizen of a different state than Plaintiff and that the requisite amount in controversy is present.[1] [*Id.*] In relevant part for purposes of this Order, Stryker alleges that "Plaintiff has named John Doe, M.D. [("Dr. Doe")], as a defendant in this case. The citizenship of [Dr. Doe] shall not be considered for purposes of determining diversity jurisdiction, as [he is a] fictitious defendant[]." [*Id.* at 3 ¶ 12 (citing 28 U.S.C. § 1441(b)).]

Despite Stryker's belief that federal jurisdiction exists, the Court must independently determine whether there is diversity among the parties. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). It cannot do so on the current record.

---

[1] For purposes of alleging that the requisite amount in controversy exists in this case, Stryker relies on the existence of multidistrict litigation ("MDL") in the District of Minnesota to handle products liability claims involving the medical device at issue. [Dkt. 1 at 4.] Stryker does not allege that Plaintiff's action, which combines products liability and medical malpractice claims, could or would be transferred to the referenced MDL.

- 1 -

**I.    Dr. Doe's Citizenship**

Plaintiff's underlying state court complaint makes it clear that Dr. Doe is being sued for medical malpractice under the Indiana Medical Malpractice Act (the "Act"). [Dkt. 1-1 at 1-2.] Pursuant to the Act, while a medical review panel is considering a claimant's malpractice allegations, a "complaint filed in court may not contain any information that would allow a third party to identify the defendant." Ind. Code § 34-18-8-7. Because Dr. Doe "is a qualified health care provider in the State of Indiana" and "no medical panel opinion has been rendered as of this time," Plaintiff has sued him "in an anonymous capacity" as the Act requires. [Dkt. 1-1 at 1.]

This case raises a jurisdictional red flag that the Court cannot ignore. While Stryker is correct that parties sued under fictitious names are typically disregarded when removal is based on diversity of citizenship, 28 U.S.C. § 1441(b)(1), this is not a typical case. Dr. Doe, who is likely an Indiana citizen given Plaintiff's allegation that Dr. Doe is an Indiana qualified healthcare provider, is not being sued under a fictitious name because his identity is unknown. Instead, he is being sued anonymously pursuant to the Act, despite the fact that all of the parties know his identity, as evidenced by the fact that Dr. Doe has an attorney representing him in this action. This apparent lack of diversity of citizenship would destroy the Court's diversity jurisdiction if Plaintiff (an Indiana citizen) could sue Dr. Doe (likely an Indiana citizen) under typical circumstances.

On a related note, all defendants typically must consent to removal under 28 U.S.C. § 1441. Failure to do so is a procedural defect that must be raised within thirty days. 28 U.S.C. § 1447(c); *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011). Stryker's Notice of Removal does not indicate whether Dr. Doe consents to Stryker's removal of Plaintiff's case to federal court, likely because Stryker believed such consent was unnecessary in light of Dr. Doe's

anonymous status in Plaintiff's state court complaint.  Stryker has cited no authority for this position.

The Court **ORDERS** the parties to file a **joint jurisdictional statement** by **January 13, 2014**, asserting Dr. Doe's citizenship for purposes of diversity jurisdiction.  The statement should also confirm whether the Plaintiff and Dr. Doe agree with the other relevant jurisdictional allegations in Stryker's notice of removal and whether Dr. Doe consents to Stryker's removal of this case to federal court.  When asserting Dr. Doe's citizenship, the parties should keep in mind that an allegation of residence is inadequate.  *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *see Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (holding that residency and citizenship are *not* the same, and it is citizenship that matters for purposes of diversity).  If the parties cannot agree on the contents of a joint statement, competing jurisdictional statements should be filed by **January 13, 2014**.  A sufficient jurisdictional statement will relieve Plaintiff's obligations under Local Rule 81-1.

## II. The Seventh Circuit's Prohibition on "John Does" in Diversity Cases

In *Howell v. Tribune Entertainment*, the Seventh Circuit began its opinion with "an issue of jurisdiction not remarked by the district court judge or the parties."  106 F.3d 215, 217 (7th Cir. 1997).  The plaintiff in *Howell* sued a named defendant as well as an anonymous defendant, ABC Insurance Company, because the plaintiff's lawyer "had been unable to find out anything about ABC."  *Id.*  The Seventh Circuit implicitly approved of naming an anonymous defendant in a diversity suit for purposes of determining the name and citizenship of that party through discovery, but the core of *Howell*'s jurisdictional pronouncement focused on the Seventh Circuit's disfavor for anonymous defendants in diversity suits:

> States often allow a plaintiff to name an unknown party as an additional defendant.  For that matter, so does federal law in a suit based on the federal question ju-

> risdiction, which does not depend on the parties' addresses. But because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, "John Doe" defendants are not permitted in federal diversity suits.
>
> To this as to most legal generalizations there are exceptions. The obvious one, inapplicable to this case however, is if the "John Does" are merely nominal parties, irrelevant to diversity jurisdiction. And naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs. That exception is also inapplicable to this case, which was not removed. A quasi-exception, also inapplicable, is that the domicile of a fugitive defendant will be taken to be his domicile before he fled to discourage defendants from trying to defeat federal jurisdiction by such a tactic. So none of the exceptions applies here, and the plaintiff doesn't even have the excuse (not justification) of not knowing the defendant's name.

*Id.* at 218 (citations omitted). Unless one of the narrow exceptions applies, the plaintiff must prove that an anonymous defendant does not destroy diversity or risk having his suit dismissed for lack of jurisdiction. *See Holz v. Terre Haute Reg'l Hosp.*, 123 Fed. Appx. 712, 714 (7th Cir. 2004) (citing *Howell* to support dismissing claim for lack of subject matter jurisdiction because plaintiff failed to allege "John Doe" defendant's citizenship in what turned out to be a federal diversity suit); *Kelleck v. KBR, Inc.*, 2009 U.S. Dist. LEXIS 105730, *3 (N.D. Ind. 2009) (citing *Howell* to support holding that "John Doe plaintiffs aren't permitted in federal diversity suits because diversity jurisdiction must be proved by the plaintiff rather than assumed as a default").

Based on *Howell* and its progeny, the Court is not convinced that it has diversity jurisdiction over Plaintiff's action. The parties know who Dr. Doe actually is, and if the Court's assumption that he is an Indiana citizen is correct, the Court would be asked to engage in a troubling jurisdictional fiction simply because Indiana Code § 34-18-8-7 requires Dr. Doe to be sued anonymously until the medical review panel issues its opinion.

### III.     Conflict Between Indiana Code § 34-18-8-7 and Fed. R. Civ. Pro. 10(a)

In addition to the concerns expressed above, the Court is also concerned that the jurisdictional allegations in Stryker's notice of removal improperly ignore *Erie Railroad Co. v. Tomp-*

- 4 -

*kins*, 304 U.S. 64 (1938), and its progeny.  The *Erie* doctrine requires that "federal courts sitting in diversity apply state substantive law and federal procedural law."  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also* 28 U.S.C. § 1652 (providing that state law provides the rules of decision in diversity cases unless superseded by federal law).  The line between the two types of law can sometimes be "difficult and nuanced."  *Barron v. Ford Motor Co.*, 965 F.2d 195, 202 (7th Cir. 1992) (Ripple, J., concurring).  Nonetheless, the Seventh Circuit applies a "shorthand" approach to the substance-versus-procedure dichotomy that resolves most disputes.  *Id.*  Specifically, "[r]ules of procedure . . . [promote] accuracy, efficiency, and fair play in litigation, without regard to the substantive interests of the parties . . . .  Substantive rules, on the other hand, are concerned with directing behavior outside of the courtroom.  They tell individuals, organizations and governments to do certain things or abstain from certain conduct on pain of some sanction."  *Thomas*, 487 F.3d at 537.

In *Nixon v. Haag*, this Court held that an Indiana statute automatically staying discovery in suits brought under Indiana's Anti-SLAPP Act conflicted with the Federal Rules of Civil Procedure because "[t]he former purports to limit discovery to matters relevant to a motion to dismiss/motion for summary judgment under the Anti-SLAPP Act while the motion is pending[, but t]he latter expressly permits discovery into any nonprivileged matter that is relevant to any party's claim or defense, whether any motion is pending or not."  2009 U.S. Dist. LEXIS 58023 (S.D. Ind. 2009) (citations omitted).  *Nixon* concluded that this conflict was a procedural one and that a party's assertion that Indiana had a "compelling, substantive interest in enforcing the narrowed scope of discovery" was insufficient to overcome the presumption in *Thomas* that federal procedure applied.  *Id.* at *8-9.

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to include the names of all parties to the suit. This rule appears to be in direct conflict with the anonymity requirement of Indiana Code § 34-18-8-7, considering that the Dr. Doe's identity is known. If the anonymity requirement of Indiana Code §34-18-8-7 is considered a procedural rule rather than a substantive rule, Dr. Doe could not proceed anonymously in this federal action.

### IV.     Conclusion

For the reasons set forth herein, the Court **ORDERS** the parties to file a **joint jurisdictional statement** by **January 13, 2014**, asserting Dr. Doe's citizenship for purposes of diversity jurisdiction. That statement should also confirm whether the Plaintiff and Dr. Doe agree with the other relevant jurisdictional allegations in Stryker's notice of removal and whether Dr. Doe consents to Stryker's removal of this case to federal court. If the parties cannot agree on the contents of a joint statement, competing jurisdictional statements should be filed by **January 13, 2014**. A sufficient jurisdictional statement will relieve Plaintiff of his obligations under Local Rule 81-1.

Assuming that the forthcoming jurisdictional statement confirms Dr. Doe's Indiana citizenship, the Court **ORDERS** each party to **show cause** by **January 24, 2014**, why this action should not be remanded to state court based on *Howell* and its progeny, *Erie* and its progeny, and/or any other applicable jurisdictional doctrine. Specifically, each party should file a statement with supporting case law setting forth its position by **January 24, 2014,** and a response to the other parties' statements by **January 31, 2014**.

01/03/2014

                                                  Hon. Jane Magnus-Stinson, Judge
                                                  United States District Court
                                                  Southern District of Indiana

**Distribution via ECF only:**

Jeffrey A. Boyll
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
jaboyll@wilkinsonlaw.com

Eric A. Frey
freylaw@aol.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com